Borenstein, J.
This action arises out of a Special Permit granted by the City Council of Woburn (“City Council”) to allow Robert C. McSheffrey (“defendant”) to add self-service pumps to his gas station. Thomas F. Burke (“plaintiff’), who owns abutting property, challenges the permit pursuant to G.L.c. 40A, §17. Defendant now moves for summary judgment pursuant to Mass.R.Civ.P. 56, alleging that plaintiff lacks standing. After a hearing, for the reasons set forth below, the motion is ALLOWED.
BACKGROUND
The undisputed material facts are as follows: Both plaintiff and defendant operate gas stations. Plaintiff owns a piece of residential property that abuts his own gas station as well as defendant’s. Defendant, who has operated his gas station for several years, obtained a Special Permit from City Council on July 19, 1994, to include self-service gasoline. Plaintiff opposed the permit at a City Council hearing, expressing concern about possible hazards.
At the hearing, plaintiff also complained of a gas leak at his residential property. This alleged problem dated from the early 1980s, and has not resulted in litigation against defendant. Defendant states in an uncontested affidavit that plaintiff told him that he was opposing the permit to induce defendant to pressure his landlord to resolve the alleged gas leak.
DISCUSSION
Summary judgment is allowed where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary j udgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
Only “aggrieved persons” have standing to seek judicial review of a permit granting body pursuant to G.L.c. 40A, §17. Monks v. Zoning Board of Appeals of Plymouth, 37 Mass.App.Ct. 685, 687 (1994). To be an aggrieved person, one must show perceptible harm resulting from the permit decision. Id. at 686; see also Boston Edison Co. v. Boston Redevelopment Authority, 374 Mass. 37 (1977). Although an abutter enjoys a presumption that he or she is aggrieved, that presumption may be rebutted by adducing evidence negating aggrievement. Barvenik v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131, n.7, 8 (1992).
In this case, defendant has provided an affidavit and records of the City Council hearing indicating that plaintiffs motive in opposing the permit stems from a gas leak that allegedly took place long before defendant began operating his gas station. Furthermore, no evidence has been adduced that links the alleged gas leak to the property that defendant now rents.
The only other injuiy plaintiff alleges is fear of future hazards resulting from self-service pumps. Fu *651 ture speculative harm does not constitute a cognizable injury for purposes of standing. Barvenik v. Board of Aldermen of Newton, supra (even when positing legitimate concerns, plaintiff must offer more than conjecture and hypothesis to be aggrieved person). Therefore, plaintiff has failed to demonstrate that he is aggrieved for purposes of G.L.c. 40A, §17. Because plaintiff lacks standing, summary judgment for defendant is required.
ORDER
For the foregoing reasons, it is therefore ORDERED that summary judgment enter for defendant.